FILED
OCT 24
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JESSICA L. COOPER,**

Plaintiff,

v.

**ANTHONY A. LIPPA, JR.,**

and

**PATRICK H. BLASIOL,**

and

**FONDA L. BRENNAN,**

and

**WARNER D. LIPSCOMB,**

Defendants.

CA No. 3:11CV712

**Complaint**

Plaintiff Jessica L. Cooper ("Cooper"), by counsel, states the following Complaint against defendants Anthony A. Lippa, Jr. ("Lippa"), Patrick H. Blasiol ("Blasiol"), Fonda L. Brennan ("Brennan"), and Warner D. Lipscomb ("Lipscomb")(collectively referred to as "Defendants").

**Introduction**

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 seeking damages for Defendants conspiracy and actions that caused false arrests, wrongful seizures, and

malicious prosecutions of Cooper that denied Cooper rights guaranteed to her under the 4th and 14th Amendments of the Constitution of the United States; Cooper also asserts pendent causes of action against Defendants for malicious prosecution under the common law of Virginia.

**Jurisdiction**

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and, with regard to the common law claims of malicious prosecution under Virginia law, 28 U.S.C. § 1367.

**Venue**

3. This Court is a proper venue for this action because the wrongful acts and omissions that are the basis of this action occurred within the geographical boundaries of the Richmond Division of the United States District Court for the Eastern District of Virginia.

**Parties**

4. Cooper is an adult female citizen of Virginia residing in Caroline County, Virginia.

5. Lippa is an adult male citizen of Virginia residing in Caroline County, Virginia; Lippa is a "person" as the word "person" is used in 42 U.S.C. § 1983.

6. Lippa has been the Sheriff of Caroline County, Virginia, since 2004, having first been elected to the

position in November 2003 and serving continuously since taking office in 2004.

7. The acts of Lippa alleged in this Complaint were taken under color of state law using the powers of his office of Sheriff of Caroline County.

8. Blasiol is an adult male citizen of Virginia, residing in Caroline County, Virginia; Blasiol is a "person" as the word "person" is used in 42 U.S.C. § 1983.

9. The acts of Blasiol alleged in this Complaint were taken under color of state law using the powers of his position as a law enforcement officer employed by the Sheriff of Caroline County, Lippa.

10. Brennan is an adult female citizen of Virginia, residing in Caroline County, Virginia; Brennan is a "person" as the word "person" is used in 42 U.S.C. § 1983.

11. The acts of Brennan alleged in this Complaint were taken under color of state law using the powers of her position as a law enforcement officer employed by the Sheriff of Caroline County, Lippa.

12. Lipscomb is an adult male citizen of Virginia, residing in Caroline County, Virginia; Lipscomb is a "person" as the word "person" is used in 42 U.S.C. § 1983.

13. The acts of Lipscomb alleged in this Complaint were taken under color of state law using the powers of his

position as a law enforcement officer employed by the Sheriff of Caroline County, Lippa.

**Conspiracy**

14. The wrongful acts that each of the defendants took against Cooper as alleged in this Complaint were overt acts taken as part of the malicious agreement, combination, and conspiracy of all Defendants and other persons unnamed in this Complaint to cause Cooper to suffer from false criminal charges, false arrests, unconstitutional seizures, malicious prosecutions, and other denials of Cooper's federal constitutional and state common law rights.

**Facts**

15. In or about the second half of 2008, Blasiol began threatening Cooper that he and other employees of the Caroline County Sheriff's Department would charge and arrest Cooper for alleged offenses and crimes without regard to any probable cause or guilt.

16. Beginning at a time unknown to Cooper, but no later than a time in the second half of 2008, Lippa, acting in agreement, combination, and conspiracy with all Defendants has knowingly permitted, encouraged, and directed his employees in the Caroline County Sheriff's Department to obtain warrants against, arrest, seize, and maliciously prosecute Cooper for any reason or no reason;

specifically, Lippa, acting in agreement, combination, and conspiracy with all Defendants, with malice and reckless disregard for Cooper's federal constitutional rights, has caused Cooper to be falsely arrested, wrongfully seized and detained, and subjected to malicious prosecution.

17. Lippa's actions, taken in agreement, combination, and conspiracy with all Defendants, have deprived Cooper of her rights, privileges, and immunities secured to her by the Constitution of the United States, specifically the 4th and 14th Amendments of the Constitution of the United States.

18. Having begun a pattern and practice of permitting, encouraging, and causing false arrests, wrongful seizures, and malicious criminal prosecutions of Cooper in violation of law and without probable cause, Lippa, in agreement, combination, and conspiracy with all Defendants, has increasingly sought to obtain a conviction of Cooper for any possible alleged offense for the express purpose of providing apparent reason and justification for his course of wrongful conduct; Defendants' desire for any such wrongful conviction has caused them to actively encourage and cooperate in falsely charging, arresting, and prosecuting Cooper for offenses for which they knew that there was neither guilt nor probable cause.

19. Among other specific examples, in agreement, combination, and conspiracy with Lippa, with Lippa's active encouragement and cooperation, and with reckless disregard of Cooper's constitutional rights, Defendants have acted to arrest, seize, and initiate criminal charges against Cooper with malice and without probable cause in the instances set forth in the following paragraphs.

20. On March 18, 2009, with the active encouragement and cooperation of Lippa, acting in agreement, combination, and conspiracy with all Defendants with malice and without probable cause, Deputy Brennan obtained a misdemeanor arrest warrant against Cooper for an alleged violation of Virginia Code §18.2-427 (use of obscene or threatening language); Deputy Brennan arrested Cooper on March 19, 2009; the charge was dismissed on a motion for nolle prosequi on March 24, 2009, causing the criminal action to end favorably to Cooper.

21. On March 19, 2009, Deputy Brennan, with the active encouragement and cooperation of Lippa, acting in agreement, combination, and conspiracy with all Defendants with malice and without probable cause, obtained a felony arrest warrant against Cooper for an alleged violation of Virginia Code § 18.2-108 (receipt of stolen property); Deputy Brennan arrested Cooper on March 19, 2009; the

charge was dismissed on a motion for nolle prosequi on March 24, 2009, causing the criminal action to end favorably to Cooper.

22. On May 3, 2009, Deputy Brennan, with the active encouragement and cooperation of Lippa, acting in agreement, combination, and conspiracy with all Defendants with malice and without probable cause, obtained a misdemeanor arrest warrant against Cooper alleging a violation of Virginia Code § 18.2-250.1 (possession of marijuana); the charge was dismissed on a motion for nolle prosequi on July 24, 2009, causing the criminal action to end favorably to Cooper.

23. On May 3, 2009, Deputy Brennan, with the active encouragement and cooperation of Lippa, acting in agreement, combination, and conspiracy with all Defendants with malice and without probable cause, obtained a misdemeanor summons against Cooper alleging a violation of Virginia Code § 18.2-250 (possession of controlled substance); the charge was dismissed on a motion for nolle prosequi on July 24, 2009, causing the criminal action to end favorably to Cooper.

24. On October 18, 2009, Deputy Lipscomb, with the active encouragement and cooperation of Lippa, acting in agreement, combination, and conspiracy with all Defendants

with malice and without probable cause, obtained a felony arrest warrant against Cooper for an alleged violation of Virginia Code § 18.2-172 (forgery of a check); Deputy Lipscomb arrested Cooper on October 18, 2009; the charge was dismissed on a motion for nolle prosequi on January 22, 2010, causing the criminal action to end favorably to Cooper.

25. On July 7, 2010, a Grand Jury, with the active encouragement and cooperation of Lippa, who was acting in agreement, combination, and conspiracy with all Defendants with malice and without probable cause, was caused to issue an indictment against Cooper for an alleged violation of Virginia Code § 18.2-51 (malicious wounding); Cooper was acquitted of the charge on December 1, 2010, ending the criminal action favorably to Cooper.

26. As a result of Defendants' wrongful acts of encouraging and actively cooperating in the false arrests, wrongful seizures, and malicious prosecutions of Cooper, Cooper has had to engage lawyers to represent and defend her, causing her thousands of dollars of legal expense directly attributable to Defendants' wrongful acts.

27. The outrageous nature of Defendants' wrongful acts directed against Cooper supports an award of punitive

damages against Defendants to punish them and each of them and to deter others from acting in like manner.

**Statement of Causes of Action**

**Count 1: § 1983: Conspiracy**

28. With malice, and either deliberately or with reckless disregard of Cooper's rights under the 4th and 14th Amendments of the Constitution of the United States, Defendants have agreed, combined, and conspired to cause Cooper to suffer false criminal charges, false arrests, unconstitutional seizures, and malicious prosecutions, all in violation of 42 U.S.C. § 1983.

29. As a result of Defendants' wrongful acts against Cooper in agreement, combination, and conspiracy to violate 42 U.S.C. § 1983, Cooper has suffered legal expense, damage to her reputation, mental anguish, emotional distress, and physical illness.

**Count 2: § 1983: Violation of Federal Constitutional Rights**

30. With malice, and either deliberately or with reckless disregard of Cooper's rights under the 4th and 14th Amendments of the Constitution of the United States, Defendants have violated Cooper's constitutional rights guaranteed to her under the 4th and 14th Amendments of the Constitution of the United States by causing her to suffer from false criminal charges, false arrests, wrongful

seizures, and malicious prosecutions, all in violation of 42 U.S.C. § 1983.

31. As a result of Defendants' wrongful acts in violation of 42 U.S.C. § 1983, Cooper has suffered legal expense, damage to her reputation, mental anguish, emotional distress, and physical illness.

**Count 3: Virginia Common Law: Malicious Prosecution**

32. Acting willfully, wantonly, and with malice, and acting in agreement, combination and conspiracy with all Defendants, Defendants initiated and/or actively cooperated in the initiation of criminal actions against Cooper, constituting the tort of malicious prosecution.

33. As a result of Defendants' wrongful acts in violation of the common law of Virginia, Cooper has suffered legal expense, damage to her reputation, mental anguish, emotional distress, and physical illness.

**Demand for Jury Trial**

34. Cooper demands trial by jury.

**WHEREFORE**, Cooper asks that this Court enter Judgment in her favor against Defendants jointly and severally and award her the following relief:

1. A declaration of this Court that Defendants, acting under color of state law, have denied Cooper rights

guaranteed to her under the Constitution of the United States;

2. Compensatory damages in the amount of $500,000;

3. Punitive damages in the amount of $500,000;

4. Pre- and post-judgment interest;

5. With regard to Counts 1 and 2, her costs and attorney's fees pursuant to 42 U.S.C. § 1988;

6. With regard to Count 3, her costs; and

7. Such other and further relief as is proper.

Dated this 21st day of October, 2011.

Respectfully submitted,

JESSICA L. COOPER

By: [signature]
Counsel

David R. Simonsen, Jr. (VSB #20078)
Vickey A. Verwey (VSB #20267)
8003 Franklin Farms Drive, Suite 131
Richmond, Virginia 23229-5107
Tel: (804) 285-1337
Fax: (804) 285-1350
Email: DSimonsenJ@aol.com

Counsel for Plaintiff