UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JESSICA L. COOPER,

                Plaintiff,

v.

ANTHONY A. LIPPA, JR. et al.,

                Defendant.

Civil Action No. 3:11−CV−712

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss the Amended Complaint ("Motion") filed by Defendants Anthony A. Lippa, Patrick H. Blasiol, Fonda L. Brennan, and Warner D. Lipscomb. (ECF No. 8.) On April 3, 2012, the Court heard oral arguments on the Motion and took the matter under advisement. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

This controversy arises out of alleged violations of Plaintiff Jessica Cooper's civil rights by Defendants. Beginning sometime in early 2008, Defendant Lippa, the Sheriff of Caroline County, and employees of his department, allegedly began to harass Cooper with "unwarranted and unlawful traffic stops and arrests." (Pl.'s Am. Compl. ("Am. Compl.") ¶ 16, ECF No. 6.) Later that year, Defendant Blasiol allegedly threatened Cooper by stating that he and other employees of the Caroline County Sheriff's Department would charge and arrest Cooper for offenses and crimes without regard to any probable cause or guilt. (Am. Compl. ¶ 17.)

Cooper further alleges that on five separate incidents Defendants arrested, seized, and with malice and without probable cause initiated criminal charges against Cooper. (Am. Compl. ¶ 23.)

First, on March 18, 2009, Defendant Deputy Brennan, with the "encouragement and cooperation" of all Defendants, obtained a misdemeanor warrant to arrest Cooper for an alleged violation of Section 18.2-427 of the Code of Virginia (use of obscene or threatening language). On March 19, 2009, Defendant Brennan arrested Cooper. (Am. Compl. ¶ 24.) On March 24, 2009, the charge was dismissed on a motion for *nolle prosequi*. (*Id.*) Second, on March 19, 2009, Defendant Brennan, with "encouragement and cooperation" of all Defendants, obtained a felony arrest warrant against Cooper and arrested her for an alleged violation of Section 18.2-108 of the Code of Virginia (receipt of stolen property). (Am. Compl. ¶ 25.) On March 24, 2009, this charge was also allegedly dismissed on a motion for *nolle prosequi*. (*Id.*)

Third, on May 3, 2009, Brennan, again with the "encouragement and cooperation" of Defendants, obtained a misdemeanor arrest warrant against Cooper asserting a violation of Section 18.2-250.1 of the Code of Virginia (possession of marijuana), as well as a misdemeanor summons against Cooper alleging a violation of Section 18.2-250 of the Code of Virginia (possession of a controlled substance). (Am. Compl. ¶¶ 26, 27.) On July 24, 2009, both charges were purportedly dismissed on motions for *nolle prosequi*. (*Id.*)

Fourth, on October 18, 2009, Defendant Deputy Lipscomb, with the "encouragement and cooperation" of Defendants, obtained a felony arrest warrant against Cooper for an alleged violation of Section 18.2-172 of the Code of Virginia (forgery of a check). (Am. Compl. ¶ 28.) Lipscomb arrested Cooper the same day. (*Id.*) On January 22, 2010, the charge was dismissed on a motion for *nolle prosequi*. (*Id.*) Finally, on July 7, 2010, Lippa, with the agreement of all Defendants, allegedly caused a grand jury to issue an indictment against Cooper for a violation of Section 18.2-51 of the Code of Virginia (malicious wounding). (Am. Compl. ¶ 29.) On December 1, 2010, Cooper was acquitted of the charge. (*Id.*)

On October 24, 2011, Cooper filed a Complaint asserting three Counts: (1) civil conspiracy under 42 U.S.C. § 1983; (2) violation of her Fourth and Fourteenth Amendment rights; and (3) malicious prosecution under Virginia law. On November 30, 2011, Defendants filed a motion to dismiss Cooper's Complaint. (*See* ECF No. 4.)[1] On December 14, 2011, Cooper filed an Amended Complaint and supplemented Count 3 with a conspiracy claim under Virginia law.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Fed R. Civ. P. 12(b)(6); *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Thus, in deciding a Rule 12(b)(6) motion, a court must accept all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007), as well as provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

Although a motion to dismiss challenges only the legal sufficiency of a claim, Rule 8(a)(2) requires a plaintiff to allege facts that show that its claim is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). As the Fourth Circuit has explained, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). The court need not accept legal conclusions couched as factual allegations, *Twombly,* 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir.

---

[1] Because Cooper subsequently filed an Amended Complaint, Defendants' motion to dismiss the original complaint is moot. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" (quoting *In re* Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000))).

2000). A complaint must contain factual allegations sufficient to apprise a defendant of "notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While Rule 8(a)(2) requires a showing, not simply a blanket assertion of "entitlement to relief," the plaintiff is not required to show that it is likely to obtain relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556 n.3. In the end, if the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. *Twombly*, 550 U.S. at 563 n.8.

### III. DISCUSSION

Defendants raise five grounds in support of their Motion: (1) the grand jury testimony is protected by absolute immunity; (2) Cooper's federal and state law claims in Paragraphs 24 through 27 are barred by the statute of limitations; (3) Cooper's allegations fail to state a claim for malicious prosecution under Virginia law; (4) Cooper's allegations fail to state a claim under the Fourth or Fourteenth Amendment; and (5) Cooper's allegations fail to state a claim for conspiracy under Virginia law or 42 U.S.C. § 1983. Each of these grounds is addressed in turn.

**A. Grand Jury Testimony Protected by Absolute Immunity**

Defendants argue that any of Cooper's claims based on Paragraph 29[2] should be dismissed because they rely on government officials' testimony, which is protected by absolute immunity.

---

[2] Paragraph 29 states:

> On July 7, 2010, a Grand Jury, with the active encouragement and cooperation of Lippa, who caused and instigated the initiation of a criminal charge against Cooper though [sic] his use of the Grand Jury and who was acting in agreement, combination, and conspiracy with all Defendants with malice and without probable

4

(Defs.' Mem. Supp. Mot. to Dismiss Pl.'s Am. Compl. ("Defs.' Mem.") 3-4, ECF No. 9 (citing *Lyle v. Sparks*. 79 F.3d 372, 378 (4th Cir. 1996)).) Cooper agrees that government witnesses have absolute immunity for their testimony at a grand jury proceeding. Cooper asserts, however, that none of her claims are based on actual grand jury testimony; rather, her claims are based on Lippa's initiation of the criminal prosecution which caused the grand jury to issue an indictment. Thus, Cooper asserts that Lippa does not enjoy absolute immunity.

Viewing the facts in the light most favorable to Cooper, the Court finds that the issue regarding the grand jury is the initiation of the proceeding by Defendant Lippa, rather than his testimony to the grand jury. The initiation of the grand jury proceedings is an investigative function which may be protected by qualified immunity, as opposed to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Additionally, qualified immunity is an affirmative defense that must be raised by Defendants. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Therefore, because the burden of pleading qualified immunity rests with the Defendants, the Court DENIES Defendants' Motion as it relates to the grand jury in Paragraph 29.

B. **Statute of Limitations Bars Claims in Paragraphs 24 through 27**

The applicable statute of limitations for Cooper's § 1983 conspiracy claim, §1983 malicious prosecution claim, and state claim malicious prosecution is two years.[3] *See* Va. Code Ann. §§ 8.01-

---

    case, was caused to issue an indictment against Cooper for an alleged violation of Virginia Code § 18.2-51 (malicious wounding); Cooper was acquitted of the charge on December 1, 2010, ending the criminal action favorably to Cooper. Cooper was innocent of this criminal charge.

(Am. Compl. ¶ 29.)

[3] Cooper also alleges a claim under Virginia law for conspiracy. As expounded *infra* Part F, conspiracy is not an independent cause of action; neither is conspiracy to maliciously prosecute a cognizable cause of action under Virginia law. Because such a cause of action does not exist, there is no discussion on the applicable statute of limitations and accrual times for the Virginia conspiracy claim.

243(A) & 248; *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (stating that statute of limitations for a § 1983 federal civil rights case is determined by the applicable statute of limitations for the law of the state in which the action arose.). Cooper filed her civil action on October 24, 2011. Thus, the critical date for determining when the cause of action accrued for the § 1983 conspiracy claim, § 1983 malicious prosecution claim, and malicious prosecution under Virginia law, is October 24, 2009.

Defendants contend, and Cooper concedes,[4] that to the extent Cooper's claims are based on facts alleged in Paragraphs 24 through 27, because they occurred prior to October 24, 2009, they are barred by the two-year statute of limitations. The Court agrees and holds that to the extent Counts 1, 2, and 3 are based on factual allegations set forth in Paragraphs 24 through 27, the claims are DISMISSED.

### C. Failure to State a Claim for Malicious Prosecution under Rule (12)(b)(6)

Defendants argue that Cooper fails to state a claim for malicious prosecution under state law. To state a claim for malicious prosecution under Virginia law, a plaintiff must allege "(1) that the prosecution was [initiated] by the defendant and that it terminated in a manner not unfavorable to the plaintiff; (2) that it was instituted, or procured by the cooperation of the defendant; (3) that it was without probable cause; and (4) that it was malicious." *Niese v. Klos*, 216 Va. 701, 703 (1976).

Defendants contend that Cooper cannot satisfy the first element because *nolle prosequi* dismissals (as alleged in Paragraphs 24 through 28) are not favorable terminations since the Commonwealth of Virginia retains the right to bring the same charges at another time and Cooper has an affirmative burden to show the dismissals were consistent with her innocence. Defendants also argue that although Cooper was acquitted of the charges in Paragraph 29, the deputy who

---

[4] While Cooper agrees with Defendants' statute of limitations arguments, she argues that although the untimely claims are no longer free-standing claims, they are still relevant to prove the existence of a conspiracy. As stated *infra*, the Court finds that Cooper fails to state a claim for conspiracy either under state or federal law. Accordingly, this argument is unsuccessful.

6

testified is entitled to absolute immunity, and therefore the malicious prosecution claim should also fail as a matter of law.[5]

A *nolle prosequi* dismissal is a termination "not unfavorable to" the plaintiff. *Graves v. Scott*, 104 Va. 372, 378 (1905); *accord Niese*, 216 Va. at 703–04. While the court in *Graves* recognized that a *nolle prosse* does not establish the innocence of a malicious prosecution plaintiff or show lack of a probable cause on the part of the defendant, it held that "a *nolle prosequi* ends the indictment past recall, and thereupon the right to a malicious prosecution suit is perfected." *Graves*, 104 Va. at 373.[6] Furthermore, a final acquittal of a charge is clearly "a final termination of the prosecution . . . that [would] support an action for malicious prosecution." *Graves*, 104 Va. at 375.

In Paragraph 28, Cooper alleges that the charge against her of forgery of a check was *nolle prossed*. Also, in Paragraph 29, Cooper alleges that she was acquitted of the charge of malicious wounding. Because a *nolle prosequi* dismissal and an acquittal are favorable terminations as required to maintain a malicious prosecution action, the Court finds that Cooper's allegations in Paragraph 28 and 29 are sufficient to state a claim. Accordingly, the Court DENIES Defendants' Motion to dismiss the state malicious prosecution claim outlined in Count 3.

**D. Failure to State a Claim under the Fourth and Fourteenth Amendment**

Defendant argues that Cooper fails to state a claim for a violation of her Fourth and Fourteenth Amendment rights as is alleged in Count 2. First, Defendant argues, and the Court agrees, that the Due Process Clause of the Fourteenth Amendment does not provide a cause of action for a plaintiff's arrest and prosecution on state criminal charges. *See Taylor v. Waters*, 81 F.3d 429, 435-36 (4th Cir. 1996). The Supreme Court has rejected the proposition that a defendant

---

[5] This argument of absolute immunity, as addressed *supra* Part A, is futile.

[6] A *nolle prosse* can defeat a subsequent action for malicious prosecution only if the *nolle prosse* was the result of a voluntary compromise between the then-criminal defendant and the prosecution. *See Andrews v. Ring*, 266 Va. 211, 325 (Va. 2003) (citing *Orndorff v. Bond*, 185 Va. 497, 502 (1946)).

7

possesses a liberty interest in avoiding prosecution upon less than probable cause. *Id.* at 436. According to the Supreme Court, the Fourth Amendment provides sufficient pretrial process to protect a criminal defendant's constitutional rights in order to detain him prior to trial. *Id.* at 435-36. Thus, Cooper has no cognizable claim under the Fourteenth Amendment based on her state prosecutions. Accordingly, the Court GRANTS Defendants' Motion on the Fourteenth Amendment claim in Count 2.[7]

Defendants further contend that Cooper fails to state a claim under the Fourth Amendment because the Amended Complaint fails to adequately allege an unreasonable seizure as required by *Twombly* and *Iqbal*. According to Defendants, Cooper must allege that Defendants either made a materially false statement or omitted material facts in obtaining a warrant. (Defs.' Mem. 8 (citing *Miller v. Prince George's Cnty., Md.*, 475 F.3d 621, 631 (4th Cir. 2007).) Additionally, Defendants contend that the recovery is available to Cooper only after the false statements are excised or the omitted facts are included to determine whether in issuing the warrant the magistrate judge lacked probable cause. Defendants argue that Cooper fails to allege these facts and the Amended Complaint fails to "raise a reasonable expectation that discovery will reveal evidence." (Defs.' Mem. 9 (citing *Twombly*, 550 U.S. at 555-56).)

The Fourth Circuit has stated that malicious prosecution is not an independent cause of action; rather, it "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution – specifically, the requirement that the prior proceeding terminate favorably to the plaintiff." *Lambert v. Williams*, 223 F.2d 257, 262

---

[7] The Court notes that to the extent Cooper merely applies the Fourteenth Amendment to incorporate the Fourth Amendment against the actions of the Commonwealth of Virginia, the application is permitted. *Baker v. McCollan*, 443 U.S. 137, 142-43 (1979).

(4th Cir. 2000) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996).[8] In *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009), the Fourth Circuit suggested that the elements of the federal analogue of a state malicious prosecution claim are: (1) an unreasonable seizure; and (2) "a favorable termination of the criminal proceeding flowing from the seizure."

The "seizure of an individual effected without probable cause is unreasonable." *Brooks*, 85 F.3d at 183 (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). In *Brooks*, the Fourth Circuit held that an allegation that a defendant officer seized the plaintiff pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor was sufficient to state a § 1983 malicious prosecution claim alleging a seizure that was violative of the Fourth Amendment. *Brooks*, 85 F.3d at 183-84. The *Brooks* plaintiff broadly alleged in his complaint that the defendant officer violated his rights under the Fourth Amendment by unreasonably seizing his person and asserting that legal process was issued without probable cause. *Id.* at 183. Additionally, the criminal prosecution which flowed from the arrest ended favorably for the plaintiff. *Id.* These allegations were sufficient to state a claim for § 1983 malicious prosecution. *Id.* at 183-84.

The Court finds that Cooper sufficiently alleges the elements of a § 1983 malicious prosecution claim in Paragraphs 28[9] and 29. In Paragraph 28, Cooper states that she was arrested

---

[8] Courts have termed claims founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution, specifically the requirement that the prior proceeding terminate favorably to the plaintiff, as a § 1983 malicious prosecution claim. *See Lambert*, 223 F.2d at 262.

[9] The paragraph in its entirety states:

> On October 18, 2009, Deputy Lipscomb, with the active encouragement and cooperation of Lippa, acting in agreement, combination, and conspiracy with all Defendants with malice and without probable cause, obtained a felony arrest warrant against Cooper for an alleged violation of Virginia Code § 18.2-172 (forgery of a check); Deputy Lipscomb arrested Cooper on October 18, 2009; the charge was dismissed on a motion for *nolle prosequi* on January 22,

without probable cause in violation of her Fourth Amendment rights and that the proceeding terminated in her favor. Additionally, in Paragraph 29, Cooper alleges that the grand jury proceeding was initiated without probable cause and she was subsequently acquitted of the charge. These allegations are sufficient to state a claim for relief for a § 1983 malicious prosecution claim. *See Brooks*, 85 F.3d at 183-84; *see also Twombly*, 550 U.S. at 556 (a complaint need only "raise a reasonable expectation that discovery will reveal evidence."). Therefore, on the basis of the allegations in Paragraphs 28 and 29, the Court DENIES Defendants' Motion as to the violation of Fourth Amendment in Count 2.

### E. Failure to State a § 1983 Conspiracy Claim Under Federal Rule of Civil Procedure 12(b)(6)

Defendants argue that Cooper fails to sufficiently allege a § 1983 conspiracy claim (Count 1). Defendants argue that Cooper merely takes a series of criminal charges against her and "labels" them a conspiracy without explaining how Lippa and the other deputies participated in Deputy Blasiol's alleged threatened scheme to arrest Cooper without probable cause. Cooper responds that she sufficiently states a claim for conspiracy because the Amended Complaint alleges that "Defendants combined for the purpose of bringing criminal charges and securing convictions against Cooper to retaliate against her, destroy her reputation, and justify previous criminal charges filed against her without probable case or justification." (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss Am. Compl. ("Pl.'s Opp'n.") 7, ECF No. 10.)

To establish a civil conspiracy under § 1983, plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in plaintiff's deprivation of a constitutional right. *Hinkle v. City of*

---

2010, causing the criminal action to end favorably to Cooper. Cooper was innocent of this criminal charge.

(Am. Compl. ¶ 28.)

*Clarksburg, W.Va.,* 81 F.3d 416, 421 (4th Cir. 1996). Litigants "have a weighty burden to establish a civil rights conspiracy." *Id.* In order to state a claim of a civil rights conspiracy, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U. S. at 555 n.3. This requires "a plausible suggestion of conspiracy." *Id.* at 566. Thus, a plaintiff seeking to state a claim of conspiracy must plead facts that would "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle*, 81 F.3d at 421. If the existence of a conspiracy can be found only through speculation and inference, the claim will be dismissed. *Id.* at 423. Additionally, the facts must be pled in a non-conclusory fashion. *Harris v. City of Va. Beach,* 11 Fed. App'x. 212, 215 (4th Cir. 2001) (citation omitted).

The Court finds that Cooper's Amended Complaint fails to state a claim for § 1983 conspiracy. Cooper alleges that Defendants acted in "agreement, combination, and conspiracy" led by Sheriff Lippa to maliciously prosecute her. Yet, she does not allege any facts to state a plausible claim that Defendants were all working in concert to arrest her. Although Cooper alleges that Deputy Blasiol threatened that he and the other Defendants would charge and arrest her for crimes without probable cause, beyond this statement, there is no plausible suggestion that Defendants did in fact actively encourage and cooperate with each other to arrest her for crimes she did not commit. Therefore, the Court DISMISSES Cooper's § 1983 conspiracy claim for failure to state a claim upon which relief may be granted. Consequently, Defendant's Motion is GRANTED as to Count 1.

### F. Failure to State a Virginia Conspiracy Claim Under Rule 12(b)(6)

Although Defendants did not raise this issue, Cooper's conspiracy claim under Virginia law fails to state a claim upon which relief could be granted. Count 3 of Cooper's Amended Complaint is captioned "Virginia Law: Conspiracy and Malicious Prosecution," and reads verbatim:

> Acting willfully, wantonly, and with malice, and acting in agreement, combination
> and conspiracy with all other Defendants, Defendants initiated and/or actively

> conspired and cooperated in the initiation of criminal actions against Cooper, constituting the torts of conspiracy and malicious prosecution.
>
> As a result of Defendants' wrongful acts in violation of the common law of Virginia, Cooper has suffered legal expense, damage to her reputation, mental anguish, emotional distress, and physical illness.

(Am. Compl. ¶¶ 36-37.)

There is no independent cause of action for conspiracy. *Almy v. Grisham*, 273 Va. 68, 80-81 (2007). Rather, "[f]or a conspiracy claim to be viable, the plaintiff must allege all of the elements of the underlying claim in order to make a prima facie case for conspiracy to commit that claim." *Almy v. Grisham*, 55 Va. Cir. 401, 404 (2001), *aff'd and rev'd* on other grounds, 273 Va. 68 (2007), (citing *Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 300 (1997)). Additionally, "conspiracy to maliciously prosecute is not a cause of action recognized by the Commonwealth [of Virginia]." *Almy*, 55 Va. Cir. at 407.

Here, Cooper has not alleged an underlying claim for the state conspiracy claim. Construing liberally, Cooper's conspiracy claim under Virginia law may be interpreted as alleging malicious prosecution as the underlying claim. This interpretation necessitates a dismissal of Cooper's state conspiracy claim because Virginia does not recognize a claim for conspiracy to maliciously prosecute. "Regardless of the facts alleged, it is a legal impossibility for the plaintiff to have stated a cause of action upon which the relief can be granted without the Court creating a new cause of action." *Almy*, 55 Va. Cir. at 407-08. Therefore, the Court DISMISSES the state conspiracy claim in its entirety.

## IV. CONCLUSION

For all the reasons stated above, the Court FINDS that: (1) to the extent any of Cooper's claims arise out of the facts asserted in Paragraphs 24 through 27, the two-year statute of limitations bars such claims; (2) Cooper's Amended Complaint fails the Rule 12(b)(6) standard to state a claim for conspiracy, either under state or federal law; (3) Paragraphs 28 and 29 are not time barred and

are sufficient to state a claim for malicious prosecution, both under state and federal law. Accordingly, the Court GRANTS in part Defendants' Motion and DISMISSES both the § 1983 conspiracy claim (Count 1), and the state conspiracy claim (as outlined in Count 3). The Court, however, DENIES in part Defendants' Motion to dismiss the federal malicious prosecution claim (Count 2), and the state malicious prosecution claim (as outlined in Count 3), based on the facts alleged in Paragraphs 28 and 29.

    Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

    An appropriate order will accompany.

                                                                    /s/
                                            James R. Spencer
                                            United States District Judge

Entered this   20th   day of April 2012.